BarIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

BARBARA TAYLOR,

    Plaintiff,                                        CASE NO:
                                                DIVISION:

v.

BANK OF AMERICA, N.A.,

    Defendant.

_____/

**DEFENDANT, BANK OF AMERICA, N.A.'S
NOTICE OF REMOVAL TO FEDERAL COURT**

Defendant, Bank of America N.A., by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446 and Local Rule 4.02, gives Notice of Removal of this case to the United States District Court for the Middle District of Florida, Ft. Myers Division, based on diversity jurisdiction, and states as follows:

### I.    Procedural Background and Relevant Facts

1.    Plaintiff Barbara Taylor initiated an action on July 1, 2020 in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida by filing a Complaint styled *Barbara Taylor v. Bank of America, N.A.*, Case No. 20-CA-552. Prior to serving Defendant, Plaintiff filed a First Amended Complaint on July 22, 2020. (The "State Court Amended Complaint"). A copy of the State Court Amended Complaint is attached as **Exhibit 1** and a copy of the state court docket and all other state court process, pleadings, and papers are attached collectively as **Exhibit 2**.

1

2. In the State Court Amended Complaint, Plaintiff alleges that on or about June 12, 2017, she was upon premises owned, operated, managed, and/or controlled by Defendant when she tripped and fell on a speed bump causing her personal injury **Ex. 1** ¶ ¶ 5, 6, 7.

3. Plaintiff also alleges that "Defendant, BANK OF AMERICA, N.A. is now, and at all times herein mentioned was, an entity duly authorized and licensed to do business in the State of Florida. **Ex. 1** ¶¶ 2. Plaintiff does not otherwise make any allegations regarding Defendant's citizenship and makes no allegations regarding her citizenship.

4. Defendant is a national banking association (the "N.A." in Defendant's name), chartered by the Office of the Comptroller of the Currency with its main office in Charlotte, North Carolina. Defendant has filed and maintained an active Status Filing with the Florida Department of State, Division of Corporations identifying its principal address in Charlotte, North Carolina. Defendant's Institution Information with the Office of the Comptroller of the Currency and Defendant's Status Filing with the Florida Division of Corporations are attached as **Exhibit 3**.

5. Regarding damages identified in the State Court Amended Complaint, Plaintiff alleges generally that this is an action for damages in excess of $30,000, **Ex. 1,** ¶ 1, which is a jurisdictional requirement for Circuit Court in the State of Florida, pursuant to Section 34.01, Florida Statutes. Plaintiff also alleges that she has "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, aggravation of a pre-existing condition, and numerous medical expenses. The losses are permanent and continuing in nature and the Plaintiff will suffer losses in the future." **Ex. 1**, ¶ 11. Plaintiff does not make any allegations regarding the specific amount in controversy. See generally, *id*.

6. On August 4, 2020, counsel for Defendant served Plaintiff with Request for Admissions. On September 23, 2020, Plaintiff served responses to these Request for Admissions. These responses are attached as **Exhibit 4**.

7. In her response, Plaintiff admits that she is seeking more than $75,000 in damages as a result of the incident and injuries alleged in her operative Complaint. **Ex. 4.** Plaintiff also admits that at the time the action was commenced, at the present time, and at all times material to this action, Plaintiff was a resident of the State of Florida. **Ex. 4.**

8. Also on August 4, 2020, Defendant served Plaintiff with Interrogatories. On September 23, 2020, Plaintiff served Answers to Defendant's Interrogatories. These Answers are attached as **Exhibit 5**.

9. Plaintiff informs that she is claiming injuries and related damages to include a right foot and ankle surgery, a right foot non-union revision surgery, a left knee replacement surgery, and a left knee revision surgery. She further attached a Medical Expense Summary indicating that the medical bills she intends to claim are in excess of $424,000.  **Ex. 5.**

## II. Complete Diversity of Citizenship Exists

10. Removal of this case is warranted under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

11. In response to Defendant's Request for Admissions, Plaintiff admits she is and was a resident of the State of Florida. **Ex. 4**. Accordingly, Plaintiff is a Florida citizen for the purposes of determining diversity of citizenship.

12. Defendant is a national banking association with its main office in Charlotte, North Carolina. **Ex. 3.** National banking associations, including Defendant, are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The United States

Supreme Court has held that a national bank, "for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); *see also Hunt v. Nationstar Mortgage, LLC*, 782 Fed. Appx. 762, 768 (11th Cir. 2019).

13. Consequently, there is complete diversity of citizenship between Plaintiff and Defendant. *See generally Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (noting that a party establishes diversity by showing that parties are not citizens of the same state).

### III.     The Amount in Controversy Is Met

14. In the State Court Amended Complaint, Plaintiff alleges generally that this is an action for damages in excess of $30,000, **Ex. 1**, ¶ 1, which is a jurisdictional requirement for Circuit Court in the State of Florida, pursuant to Section 34.01, Florida Statutes.  Plaintiff also alleges that she has "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, aggravation of a pre-existing condition, and numerous medical expenses. The losses are permanent and continuing in nature and the Plaintiff will suffer losses in the future." **Ex. 1**, ¶ 11.

15. While the State Court Amended Complaint in this matter does not specify the amount of damages that Plaintiff seeks from Defendant, Plaintiff admits in response to Defendant's Request for Admissions that that she is seeking more than $75,000 in damages as a result of the incident and injuries alleged in her operative Complaint. **Ex. 4.** Moreover, Plaintiff informs that she is claiming injuries and related damages to include a right foot and ankle surgery, a right foot non-union revision surgery, a left knee replacement surgery, and a left knee

revision surgery. She further attached a Medical Expense Summary indicating that the medical bills she intends to claim are in excess of $424,000.00. **Ex. 5.**

16. Federal courts have routinely held that request for admissions and interrogatory responses are "other papers" for the purposes of ascertaining that a case has become removable under 28 U.S.C. § 1446(b). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007); *Wilson v. General Motors Corp.*, 888 F.2d 779, 782 (11th Cir. 1989); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010) ("other documentation can provide the basis for determining the amount in controversy [including] interrogatories obtained in state court before removal was filed").

17. In *Williams v. Wal-Mart Stores, Inc.*, 534 F.Supp.2d 1239 (M.D. Ala. 2008), the Court held that the receipt of responses to requests for admissions seeking to establish the amount in controversy falls under § 1446(b)'s recognized type of case. The *Williams* Court held:

> As stated, under the second type, "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or *other paper*' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists. § 1446(b)." *Lowery*, 483 F.3d at 1213 n. 63 (emphasis added). "[T]he documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id*. Here, the admission responses constituted "other paper within the meaning of § 1446(b), *see id*. at 1212 n. 62 ("Courts have not articulated a single test for identifying "other paper," but numerous types of documents have been held to qualify. They include: responses to request for admissions."); the responses were received from Williams; and Wal-Mart's receipt of the responses was the 'first time' it had 'unambiguous' evidence that the jurisdictional amount was met.

*Id*. at 1244.

18. The United States Supreme Court has concluded that a "defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the

5

jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

19. Accordingly, Defendant has provided more than a plausible allegation and sufficient evidence as to the damages alleged by Plaintiff. The amount in controversy exceeds $75,000, exclusive of interests and costs, and the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(b)(3) (providing that the requirements for removal may be ascertained from "other paper").

### IV.    This Notice of Removal is Timely

20. This Notice of Removal is filed within 30 days of receipt of Plaintiff's Responses to Request for Admissions and Answers to Interrogatories, served on September 23, 2020, from which it was first ascertainable that this case is removable. *See* 28 U.S.C. § 1446(b)(3) .

21. As stated above, federal courts have routinely held that requests for admission and interrogatory responses are "other papers" for the purposes of ascertaining that a case has become removable and starting the time period for when that removal should occur. *See Fleming v. Colonial Stores, Inc.*, 279 F. Supp. 933, 934 (N.D. Fla. 1968)  ("As long as the claim is indeterminate from the complaint, or otherwise, the defendant may not be charged with the running of time for removal."); *Del Rio v. Scottsdale Ins. Co.*, 2005 WL 3093434, *1 (M.D. Fla. 2005) ("The thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount."); *Field v. Nat'l Life Ins. Co.*, 2001 WL 77101, at *7 (M.D. Fla. Jan. 22, 2001) ("Where the plaintiff's complaint alleged the jurisdictional amount for state court but was not specific in showing the existence of a claim in an amount necessary for federal jurisdiction, the 30 day period within which the defendant could remove the case to federal court

did not start to run until the plaintiff asserted a claim in excess of the jurisdictional amount in its answers to interrogatories.").

## V. Removal Is Otherwise Proper

22. As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served upon counsel for Plaintiff Barbara Taylor, and Defendant is filing a copy of this Notice of Removal in the state court.

23. Venue is proper pursuant to 28 U.S.C. § 1446(a).

WHEREFORE, Defendant Bank of America N.A., respectfully requests that the above-entitled action now pending against them in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida be removed to the United States District Court for the Middle District of Florida, Ft. Myers Division.

Dated: <u>September 25, 2020</u>

By: */s/* Paul M. Weekley, Esq.
**Paul M. Weekley, Esquire**
Florida Bar No. 067938
**Trial Counsel**
**Chandler E. Bonanno Esquire**
Florida Bar No. 0106282
Weekley Schulte Valdes Murman Tonelli
1635 N. Tampa Street, Suite 100
Tampa, FL 33602
(813) 221-1154
Facsimile (813) 221-1155
service@wsvlegal.com
mgservice@wsvelgal.com
Attorneys for Defendant